James ESTEP, Petitioner—Appellant,

v.

Steven CAMBRA, Warden, Respondent— Appellee.

No. 05–16772.

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2006.*

Filed Aug. 22, 2006.

Alex Green, Berkeley, CA, for Petitioner–Appellant.

Juliet B. Haley, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HUG, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

James Estep appeals the district court's denial of his habeas petition. We affirm.

Estep argues that his state court sentencing hearing was unconstitutionally unfair, that his state court lawyer was unconstitutionally ineffective, and that the state courts erroneously determined that the *Brady* evidence he sought was immaterial. This petition is covered by AEDPA, so a federal court cannot grant the writ unless the state court proceedings

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[1]

Estep's three arguments are based upon the idea that the state court increased his sentence by speculating that he had molested a 10–year old boy the police found with Estep when he was arrested for failing to register his new address. However, the California Court of Appeal held that the sentencing "court did not reach these speculative conclusions." As the state court record reflects, the sentencing court exercised its discretion to deny Estep's motion to strike his prior "strike" convictions in determining Estep's sentence. The California Court of Appeals concluded that what "bothered the [sentencing] court was the defendant's questionable judgment, not inherently improper behavior ... What bothered the court was potential for a repeat offense, not its actuality." Estep fails to demonstrate that this conclusion was "based upon an unreasonable determination of the facts."[2] We must therefore accept the California Court of Appeal's conclusion that the sentencing court did not speculate that Estep molested the boy but rather increased the sentence based on Estep's lapse in judgment. Because each of his claims hinged on the sentencing court's supposed speculation that Estep molested the boy, and because the California Court of Appeal reasonably rejected his argument that the sentencing court so speculated, his claims cannot succeed.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. 28 U.S.C. § 2254(d).

2. *Id.*